<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**KIMBERLY D.**,

Plaintiff,

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION**,

Defendant.

Civil Action No. 21-8718 (ZNQ)

**MEMORANDUM OPINION**

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court on appeal from the final decision of the Commissioner of the Social Security Administration's (the "Commissioner") by Plaintiff Kimberly D. ("Plaintiff").[1]  The Commissioner's decision denied Plaintiff's request for supplemental security income benefits.  (ECF No. 1.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons below, the Court affirms the Commissioner's decision.

## I.      <u>BACKGROUND</u>

In this appeal, the Court considers whether an error alleged by Plaintiff warrants a remand or reversal of the Commissioner's final decision: was the Administrative  Law Judge's Residual

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

Functional Capacity ("RFC") determination supported by substantial evidence because she failed to properly weigh the opinion of Plaintiff's treating physician?  The Court begins with a brief background of the procedural posture and the decision by the Administrative Law Judge (the "ALJ").[2]

A.      **Procedural Posture**

Plaintiff filed an application for supplemental security income benefits on May 23, 2015, alleging a disability onset date of May 2, 2014.  (AR 200, 326.)  The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 100, 116.)  Thereafter, Plaintiff appeared and testified at a hearing before an ALJ on August 14, 2017.  (*Id.* at 136.)  The ALJ issued a decision on November 30, 2017, finding Plaintiff was not disabled.  (*Id.* at 144.)  Plaintiff appealed, and the Administration's Appeals Council vacated and remanded Plaintiff's case for further proceedings.  (*Id*. at 154.)  Plaintiff appeared and testified at  subsequent hearing before a second ALJ on February 25, 2020.  (*Id*. at 60–97.)  ALJ Shillin issued a decision on June 2, 2020 that again found Plaintiff was not disabled.  (*Id*. at 25–50.)  Plaintiff filed a request for review, but the Appeals Council denied that request on February 4, 2021, rendering ALJ Shillin's decision the final Administration position.  (*Id*. at 1.)  Plaintiff then initiated an appeal to this Court. (ECF No. 1.)  Plaintiff filed her appeal brief on January 28, 2022 ("Plf Mem. of Law," ECF No. 13); the Commissioner filed a responsive brief on April 13, 2022 ("Resp.," ECF No. 16); and Plaintiff filed a reply brief on April 28, 2022 ("Reply," ECF No. 18).

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 8-1 through 8-11. The Court will reference the relevant page numbers in the Record and will not reference corresponding ECF page numbers within those files.

##### B.     The ALJ's Decision

In her June 2, 2020 opinion, ALJ Shillin determined that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 25–50.)  The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* at 29–31 (citing 20 C.F.R. § 416.920(a)).)

At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity" since the disability onset date. (*Id.* at 31 (citing 20 C.F.R. § 416.971 *et seq*.).)

At step two, the ALJ found that Plaintiff suffered from several severe impairments, including "Chronic Obstructive Pulmonary Disease (COPD) and Mild Asthmatic Bronchitis, Degenerative Disc Disease of the Lumbar Spine with Radiculopathy, Mild Right Carpal Tunnel Syndrome, Hip Bursitis, Fibromyalgia, and Bipolar Disorder." (*Id.* at 31 (citing 20 C.F.R. § 416.920(c)).)

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 31–34 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).)

Prior to the fourth step, the ALJ found that Plaintiff had the residual functional capacity (RFC) to "perform sedentary work" as the regulations define that term, with some exceptions and with the added requirement of "the option to sit/stand at will within the work station while remaining on-task with an expected change of position every 10 to 15 minutes; and an ability to lean to one side, supporting herself on one arm." (*Id*. at 34 (citing 20 C.F.R. § 416.967(a)).)

At the fourth step, the ALJ concluded that Plaintiff's RFC did not permit her to perform any past relevant work. (*Id*. at 48 (citing 20 C.F.R. § 416.965).)

At the fifth step, and relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy, including Election

3

Clerk, System Monitor, and Call Out Operator. (*Id*. at 48–50 (citing 20 C.F.R. § 416.969).) The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 2, 2014, her alleged disability onset date, through the date of that decision. (*Id*. at 50. (citing 20 C.F.R. 416.920(g)).)

This appeal concerns the ALJ's step-four determination, and whether substantial evidence supports the weight that the ALJ assigned the opinion of Plaintiff's treating physician, Dr. Julia Ritsan, D.O.

As part of the ALJ's RFC analysis prior to step-four, she noted that Plaintiff reported suffering from (1) numbness and pain due to fibromyalgia, (2) shortness of breath due to COPD, and (3) bipolar disorder. The ALJ found that Plaintiff's impairments could be expected to product the symptoms she alleged, but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence." (AR at 36.) The ALJ therefore concluded that Plaintiff's statements were supportable "only to the extent that they can reasonably be accepted as consistent with the objective medical and other evidence." (*Id*.)

The ALJ proceeded to perform a twelve-page analysis of Plaintiff's substantial medical record, beginning from 2015. At each point, the ALJ found that Plaintiff's claimed symptoms were either inconsistent with the concurrent objective medical evidence, or had been addressed either through treatment or the ALJ's RFC assignment. (*Id*. at 36–37 (regarding Plaintiff's hip issues); *Id*. at 37–39 (regarding Plaintiff's breathing issues); *Id*. at 39–41 (regarding Plaintiff's orthopedic issues); *Id*. at 41–43 (regarding Plaintiff's fibromyalgia); and *Id*. at 41–45 (regarding Plaintiff's psychological issues).)

The ALJ gave little weight to the opinions of all of the State's non-examining medical consultants, each of which had found Plaintiff relatively capable.  Dr. Raymond Briski had opined that Plaintiff was able  "to lift and/or carry . . . 20 pounds occasionally and 10 pounds frequently; stand and/or walk for total of about 6 hours in an 8-hour workday with normal breaks; sit for a total of about 6 hours in an 8-hour workday with normal breaks."  Dr. James Paolini had agreed with Dr. Briski.  In according each of their opinions little weight, the ALJ found that "the wider record has shown greater limitation," including information that was not available to them at the time they rendered their opinions.  (*Id*. at 46.)

Two State psychological consultants, Drs. Fierstien and Bohnert, each found that Plaintiff could perform "simple to moderately complex/detailed tasks." (*Id*.)  The ALJ found their opinions were "of little persuasive effect" because they were based on outdated criteria.  (*Id*.)  A State psychological consultant examiner, Robert Rekker, Psy.D., found that the claimant had no limitations. (*Id*.)  The ALJ also rejected his opinion on the grounds that it "was not consistent with the longitudinal treatment record nor fully supported by his own examination." (*Id*.)  The ALJ also rejected the opinion of a State physical consultative examiner, Alexander Hoffman, M.D., on the basis that it was "more of a summary of allegations and findings rather than opinion evidence." (AR 47.)

Finally, of relevance to this appeal, the ALJ also gave little weight to the opinion of Plaintiff's treating physician, Dr. Julia Ritsan. (*Id.*)  Dr. Ritsan evaluated Plaintiff in January 2016 and found that she was relatively limited.  Dr. Ritsan noted Plaintiff's diagnoses of COPD, fibromyalgia, degenerative joint disease, and neuropathy. (AR 1320.)  She opined that Plaintiff's symptoms were sufficiently severe and frequent enough to constantly interfere with Plaintiff's attention and concentration required to perform simply work-related tasks. (*Id*.)  She also found

that Plaintiff would need to recline or lie down in excess of generally recognized breaks. (*Id.*) She assessed Plaintiff as capable of only 60 minutes work during a workday and of walking less than one block without significant pain. (*Id.*) She found that Plaintiff had the following activity limitations: able to sit for only 1 hour and stand/walk for only 1 hour, and requiring a break of 15–20 minutes every 30 minutes. (*Id.*) She also found that Plaintiff could not lift or carry anything and had limitations reaching, handling, or fingering. (*Id.*) Finally, she opined that Plaintiff would be absent from work as a result of her impairments more than four times a month. (AR 1321.) In her decision, the ALJ summarized Dr. Ritsan's opinion in a paragraph, then concluded that it should nevertheless be given little weight because "[i]t is inconsistent with objective medical evidence, conclusory and contradictory to the doctor's own evaluations." (AR 47.)

## II.     LEGAL STANDARD

### A.     Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Said another way, substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).  Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).  The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)).

"Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation omitted).  An ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," but the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review."  *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K., ex rel. K.S. v. Comm'r of Soc. Sec.*, Civ. No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705–06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a

sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482.   Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705.

### B.      Establishing Eligibility for Supplemental Security Income

To be eligible for supplemental security income, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled.  *See* 20 C.F.R. § 416.920.  For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities.  *Id.* § 416.920(a)(4)(i).  For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments."  *Id.* § 416.920(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations.  20 C.F.R. § 416.920(a)(4)(iii).  If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a

listed impairment, they are presumed to be disabled and entitled to social security income benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. *Id.* § 416.920(a)(4)(iv). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to social security income benefits. *Id.* § 416.920(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive social security income benefits. 20 C.F.R. § 416.920(g).

## III.   DISCUSSION

Plaintiff appeals the Commissioner's final decision on the grounds that the ALJ erred by discounting the medical opinions of Dr. Ritsan, and thereby reached an RFC determination that is not supported by substantial evidence. (Pl. App. Br. at 13.) According to Plaintiff, she saw Dr. Ritsan in 2015, when she sought treatment for muscle cramps, joint pain, and joint swelling. (*Id.* at 5.) She returned to Dr. Ritsan regularly thereafter.[3] (*Id.* at 5–7.)

Under the circumstances, Plaintiff says it was error for the ALJ to assign little weight to Dr. Ritsan's opinion based solely on the statement that Dr. Ritsan's opinion "is inconsistent with objective medical evidence, conclusory and contrary to the doctor's own evaluations." (*Id.* at 14–15.) Plaintiff argues that the ALJ must provide more than this conclusory statement because it does not allow for meaningful review. Plaintiff notes the six factors under 20 C.F.R.

---

[3] The Record reflects that Plaintiff was seen by Dr. Ritsan 34 times over an approximately 2½-year period. (AR 1145–1191, 1196–1305.) The Record includes treatment notes from Dr. Ritsan as far back as October 9, 2014 when she appears to have first seen Plaintiff for sore throat and congestion and for Plaintiff's request for a referral to an orthopedist for a second opinion. (AR 1301–05.)

§ 404.1527(c)(1)–(6)[4], which she says the ALJ did not consider.  Failure to do so, argues Plaintiff, is contrary to regulations and caselaw.  Had the ALJ adequately weighed Dr. Ritsan's opinion, she would have found it was supported by her treatment notes and other evidence of record.  (*Id*. at 15–17.)   Plaintiff contends that the ALJ's mistreatment of Dr. Ritsan's opinion led her to incorrectly ignore limitations proffered by Dr. Ritsan that would have rendered Plaintiff disabled because she would not have been deemed able to perform even sedentary work.  (*Id*. at 17.)

The Administration's opposition emphasizes the deferential review generally afforded ALJ decisions and maintains that the ALJ in this case accurately reviewed the record as part of her determination that Plaintiff can perform sedentary work.  (Opp. at 4–5.)  The Administration insists that "the ALJ adequately explained [her] rationale in accordance with the controlling regulations." (Opp. at 7.)  It characterizes Plaintiff's appeal as an improper request for the Court to re-weigh the evidence that was before the ALJ.  (*Id*.)

On reply, Plaintiff reiterates that the ALJ failed to consider the six factors under § 404.1527(c).  (Reply at 3.)  She asserts that the ALJ "provided no reasons for rejecting the probative evidence when evaluating Dr. Ritsan's opinion."  (Reply at 3.)  The Court disagrees.

Dr. Ritsan's opinion is a barely two-page form detailing Plaintiff's limitations without citation to any supporting medical evidence.  (AR 1320–21.)  The ALJ's review of her medical opinion is as follows:

> Thereafter, in January 2016, Julia Ritsan, DO of Jewish Renaissance Medical Center gave an opinion (27F; 42F).  She indicated that impairments were reasonably consistent with the symptoms and functional limitations described in her evaluation and opined that the claimant constantly had symptoms severe enough to interfere with attention and concentration required to perform simple tasks and

---

[4] The six factors under § 404.1527(c)(1)–(6) are: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating source's specialization; and (6) any other relevant factors.

that the claimant would need unscheduled work breaks about every 30 minutes lasting for 15-20 minutes each time, as well as need to lie down outside the times for regular breaks in a workday. She also indicated that the claimant could work 60 minutes out of 8 hours. The opinion also indicated that the claimant could walk less than a city block without rest or significant pain and could sit one hour and stand/walk one hour in a workday. She also indicated that the claimant would need unscheduled breaks during an 8-hour workday every 30 minutes for 15-20 minutes. She indicated that the claimant could not lift or carry anything. Dr. Ritsan also found the claimant could only grasp, turn, and twist objects 10% of the time with either hand, perform fine manipulation 5% of the time with the fingers on either hand, and never perform reaching with either arm. Dr. Ritsan also found the claimant would be likely to be absent more than four times per month due to impairments. **This opinion is given little weight. It is inconsistent with objective medical evidence, conclusory and contrary to the doctor's own evaluations.**

(AR 47 (emphasis added).)

The ALJ's rationale is indeed succinct, but as set forth above, an "ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482 (emphasis added). Her terse rationale for reducing the weight of Dr. Ritsan's opinion is also more substantive than the one rejected by the Court in *Steven S. v. Kijakasi*, Civ. No. 20-10234, 2022 WL 111136, at *6 (D.N.J. Jan. 12, 2022), the case cited by Plaintiff. In *Steven S.*, the ALJ provided literally no grounds for discounting a treating physician's opinion. 2022 WL 111136, at *6–7.

Moreover, a full reading of the written decision lends credence to the ALJ's findings regarding Dr. Ritsan's opinion. *Sejeck v. Berryhill*, Civ. No. 18-16734, 2019 WL 7207506, at *7 (D.N.J. Dec. 27, 2019) ("[W]hile an ALJ must consider the opinions of treating physicians, [t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ where it is not well supported or there is contradictory evidence." (alteration in original) (internal quotation marks and citation omitted)). The ALJ summarized at length the longitudinal record in her written opinion,

11

repeatedly noting a disparity between Plaintiff's complaints and the objective medical evidence. (*See* AR 36–47.)  Given that the ALJ's detailed review of Plaintiff's medical history buttresses her evaluation of Dr. Ritsan's report, the Court is satisfied that the ALJ did not "reject [Dr. Ritsan's] evidence for no reason or for the wrong reason." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). Rather, substantial evidence supports the ALJ's decision to give little weight to Dr. Ritsan's medical assessment. *See id.* (citing *Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983)).

This is consistent with guidance from the Third Circuit that even a treating source is not entitled to heightened significance if the record and objective evidence contradicts that source's opinion. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 202 (3d Cir. 2008) ("[T]reating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record. . . .'" (alteration in original) (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001))).  Put differently, "contradictory medical evidence" can defeat a treating source's opinion. *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988).

Plaintiff argues that the ALJ's failure to consider the six factors under 20 C.F.R. 404.1527(c) is somehow fatal;  however, an ALJ need not explicitly discuss each factor in her decision. *See, e.g., Green v. Colvin*, Civ. No. 13-3463, 2014 WL 3105037, at *7 (D.N.J. July 2, 2014) (rejecting argument that "the ALJ's decision to give more weight to the state medical consultants than Dr. Mehta was not supported by substantial evidence because the ALJ failed to consider the following factors: the examining relationship, the treatment relationship, supportability, consistency, and specialization"); *Podvorec v. Berryhill*, Civ. No. 17-137, 2017 WL 3705062, at *8 (W.D. Pa. Aug. 28, 2017) ("Although the ALJ did not explicitly spell out all

of these factors in her decision, it contains enough detail for this Court to meaningfully review it."); *Laverde v. Colvin*, Civ. No. 14- 1242, 2015 WL 5559984, at *6 n.3 (W.D. Pa. Sept. 21, 2015) (rejecting argument that ALJ must "explicitly list" and discuss factors in § 404.1527(c)); *cf. Phillips v. Barnhart*, 91 F. App'x 775, 780 n.7 (3d Cir. 2004) ("A written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence.").

The ALJ found Dr. Ritsan's medical opinion was inconsistent with objective medical evidence, conclusory, and contrary to the doctor's own evaluations. The Court finds substantial evidence supports the ALJ's decision to disregard Dr. Ritsan's medical opinions.

## IV.    CONCLUSION

Having reviewed the Record as a whole, the Court affirms the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act. The Court will issue an order consistent with this Opinion.


Date: August 31, 2022

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
